IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | |
| v. | Case No. 3:20-CV-01284-NJR |
| SALINE COUNTY AMBULANCE SERVICE, INC., WILLIAMSON COUNTY AMBULANCE SERVICE, INC., and RICK L. COLYER, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On June 24, 2022, the Court granted in part and denied in part the Department of Labor's Motion Summary Judgment. (Doc. 50). Specifically, the motion was denied as to (1) DOL's claims pursuant to 29 U.S.C. §§ 207 and 15(a)(2) based on the notion that employees regularly worked during their meal periods; (2) DOL's claims pursuant to 29 U.S.C. §§ 206 and 15(a)(2); (3) the willfulness of 29 U.S.C. §§ 207, 206, 15(a)(2) based on the notion that employees regularly worked during their meal periods; and (4) the appropriateness of liquidated damages as to the alleged violations of 29 U.S.C. §§ 207, 206, 15(a)(2) based on the notion that employees regularly worked during their meal periods.

On August 19, 2022, the case was referred to mediation. (Doc. 58). The court stayed all pretrial deadlines, including FED. R. CIV. P. 26(a)(3) pretrial disclosures and objections thereto. (Doc. 62). On October 12, 2022, Stephen Williams reported that the case did not settle at mediation. (Doc. 64).

On November 10, 2022, the Court held a telephonic status conference to set the trial month, check the parties' availability for the final pretrial conference, and other items for trial. (Doc. 68). At the status conference—without filing a motion for reconsideration—counsel for DOL requested supplemental briefing on the meal periods issue. The Court denied this request. Besides requesting an opportunity for further briefing, DOL's counsel argued that the summary judgment briefing should be construed as its attempt to amend the complaint. The Court rejected this argument.

The remaining two arguments, discussed further below, also were rejected by the Court. However, the Court will allow DOL to respond to the Court's additional reasons for rejecting these arguments.

## DISCUSSION

I.   *Burden Shifting Mechanism Under Mt. Clemens*

At the November telephonic status conference, counsel for DOL argued that the meal periods issue is ripe, and DOL should be allowed to address the issue because of the burden shifting mechanism under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946). The Court finds this argument misses the point. DOL's complaint only alleges that "Defendants failed to compensate their dispatchers, EMTS, and paramedics for all hours worked when employees' sleep band was interrupted, resulting sleep of less than eight (8) hours a night [and] Defendants also paid employees a flat shift rate or salary, regardless of hours worked, resulting in a failure to properly count and properly compensate hours worked in excess of 40 in a workweek." (Doc. 1, p. 4). The complaint does not allege that employees worked through their meal periods. Thus, the burden shifting mechanism under *Mt. Clemens* would

only come into play if DOL properly alleged that employees did not receive "bona fide" meal periods.

II.     *Sec'y of Lab. v. Timberline S., LLC*, 925 F.3d 838 (6th Cir. 2019)

DOL also directed the Court to *Timberline*. DOL's counsel argued that the defendants in *Timberline* did not come forward with evidence to rebut the reasonableness of the secretary's damages calculations specific to meal periods. This argument is the same as DOL's third argument. Again, the complaint does not allege that employees worked through their meal periods.

DOL's better argument is that the amended complaint in *Acosta v. Timberline S. LLC*, No. 1:16-cv-11552-TLL-PTM (E.D. Mich.), did not specifically allege that employees worked through their meal breaks. *See* Amended Compl., *Timberline*, 1:16-cv-1152 (E.D. Mich. Oct. 16, 2017). The problem is *Timberline* is (1) inapplicable, (2) persuasive authority, and (3) potentially bad law. The Sixth Circuit in *Timberline* did not decide the level of detail necessary to plead a FLSA overtime claim. The defendants contended that certain payments and supplemental benefits should be offset against overtime due. Specifically, the district court noted the following:

> Defendants note that Timberline's employee compensation packages included drive to work time and lunch time, which is ordinarily non-compensable under Section 254(a) of the Portal to Portal Act. Def. Mot. at 2, 4, 17, 18, 25; 29 U.S.C. § 254(a). Defendants overlook Section 254(b), however, which provides that such time is nonetheless compensable if there is "a custom or practice" in effect to compensate for such time. Defendants did establish a custom or practice to compensate for such time. Def. Mot. at 2, 4, 17, 18, 25. Defendants cannot now offset this compensation against overtime due. 29 C.F.R. § 778.320(b); Alonso, 2016 WL 4257526, at *3 (precluding any offset of meal breaks or drive time to and from work in the computation of employee's compensable time absent an agreement between employer and employees). As Timberline established a custom or practice of paying for non-compensable time such as drive to work

Page 3 of 5

> time and meal time, such time became compensable and is properly subject to the overtime provisions of the Act. See 29 U.S.C. § 254(b).

*See* Order, *Timberline*, 1:16-cv-1152 (E.D. Mich. Oct. 6, 2017). Then the Sixth Circuit acknowledged that the district court erred when it "determined that ordinary commute time and meal time that was included in Defendants' records qualified as compensable hours under the FLSA and, therefore, the court did not determine, and the Secretary did not calculate, the amount of ordinary commute time and bona fide meal time included in the records used to calculate unpaid overtime." *Timberline*, 925 F.3d at 855.

Not only is *Timberline* inapplicable, but the level of detail necessary to plead a FLSA overtime claim is a question that has "divided courts around the country." *Davis v. Abington Mem. Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Nakahata v. N.Y.–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013)) (internal quotations omitted). "While some courts have required plaintiffs to allege specific details such as the approximate number of uncompensated overtime hours worked, other courts only require plaintiffs to allege that the employee worked more than forty hours in a week and did not receive overtime compensation." *Mateo v. TA HSIN, Inc.*, 2021 WL 3931915, at *4 (S.D. Tex. Feb. 10, 2021). "The First, Second, Third, Fourth and Ninth Circuits fall into the first, stricter category, requiring at least some detail to plead an overtime violation." *Id*. The Seventh Circuit also falls into the stricter category. *See Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (noting that "[t]he same principles for pleading overtime pay violations apply to minimum wage violations [and] [i]n order to comply with the requirements of *Twombly*, *Iqbal*, and FED. R. CIV. P. 8(a)(2), a plaintiff alleging a federal minimum wage violation must provide sufficient factual context

to raise a plausible inference there was at least one workweek in which he or she was underpaid").

Not only is *Timberline* only persuasive authority, but the Sixth Circuit arguably appears fall into the stricter category. *See Forrester v. Am. Sec. & Prot. Serv. LLC*, 2022 WL 1514905, at *1 (6th Cir. May 13, 2022) (noting that "to state a claim for relief, the complaint must allege facts that show pass-down time is compensable").

### Conclusion

For these reasons set forth above, DOL is **ORDERED** to address (1) how the burden shifting mechanism under *Mt. Clemens* allows it to bring an overtime violation for meal periods, and (2) the significance of *Sec'y of Lab. v. Timberline S., LLC*, 925 F.3d 838 (6th Cir. 2019). DOL's brief on the above issues is due on or before **Wednesday, February 8, 2023**. Defendants may file a response to DOL's brief on the above issues on or before **Wednesday, February 22, 2023**.

The Court **FURTHER ORDERS** the parties to file their Fed. R. Civ. P. 26(a)(3) pretrial disclosures by **Friday, March 31, 2023**. Objections to Fed. R. Civ. P. 26(a)(3) pretrial disclosures are **due by Friday, April 14, 2023**. (Doc. 62).

**IT IS SO ORDERED.**

DATED:  January 10, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**